IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYDIA BUTTERFIELD, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | |
| : | NO. 06-0603 |
| MICHAEL J. ASTRUE, : | |
| Commissioner of the Social Security : | |
| Administration, : | |
| : | |
| Defendant. : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                    May 4, 2011

Currently pending before the Court is Plaintiff Lydia Butterfield's Motion for Attorney Fees Under the Equal Access to Justice Act and Defendant the Commissioner of Social Security's ("the Commissioner") Opposition thereto. For the following reasons, the Motion is denied.

### I. PROCEDURAL HISTORY

On July 12, 2002, fifty-five year old Plaintiff Lydia Butterfield filed for Disability Insurance Benefits ("DIB"), pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, *et seq.*, alleging disability since February 6, 2002. The state agency denied her claim and, following Plaintiff's timely request for review, an administrative hearing was held before Administrative Law Judge ("ALJ") Diane C. Moskal. ALJ Moskal denied benefits in a decision dated August 11, 2003, and the Appeals Council subsequently rejected Plaintiff's request for review. Plaintiff then initiated a civil action in this Court, which reversed the decision of the Commissioner and

remanded the case, pursuant to sentence four of 42 U.S.C. § 405(g),[1] on three grounds: (1) failure to include Plaintiff's mild limitation in concentration, persistence, or pace in the residual functional capacity assessment ("RFC"); (2) failure to pose a hypothetical question to the vocational expert ("VE") that included Plaintiff's mental impairment; and (3) failure to specifically address Plaintiff's credibility.

After a second hearing, ALJ Moskal denied Plaintiff's claims via a decision dated July 18, 2005. On appeal to federal court, however, Defendant voluntarily requested remand because portions of the recording of the second hearing were inaudible. Accordingly, this Court remanded the case, on April 10, 2005, pursuant to sentence six of 42 U.S.C. § 405(g).[2]

---

[1] Sentence four of 42 U.S.C. § 405(g) provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[2] Sentence six of 42 U.S.C. § 405(g) states as follows:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

A new ALJ, Paula F. Garrety, then held a third administrative hearing. On September 17, 2007, ALJ Garrety denied the claims, making explicit findings under the five-step sequential analysis codified in 20 C.F.R. § 404.1520. First, the ALJ determined that although Plaintiff did not engage in substantial gainful activity either from the alleged onset of her disability through 2005 or since March 2007, Plaintiff had, in fact, engaged in substantial gainful activity from 2005 through March 2007 by caring for her five great-grandchildren. (R. 23.)[3] Second, the ALJ found that Plaintiff had severe impairments in the form of a chronic lumbar strain/sprain status post injury in 2002, together with multiple non-severe impairments, as follows: depression, left elbow impairment, left knee impairment, and left foot tenosynovitis. (Id.) The ALJ noted a significant gap in treatment for physical pain from 2002 to 2005, and credited the report of consultative examiner Dr. Stanton Bree, which revealed that Plaintiff had no functional limitations. (Id.) As to Plaintiff's mental impairments, the ALJ acknowledged the previous ALJ's findings, reviewed Plaintiff's mental health evaluations, and considered Plaintiff's testimony, prior to reaching her ultimate determination that Plaintiff had only a mild limitation in concentration, persistence, or pace. (R. 24-27.) The ALJ went on to partially credit Plaintiff's testimony about the limitations caused by her medically determinable mental impairments, but found Plaintiff's statements concerning the intensity, persistence, and limiting effects of these impairments not entirely credible. (R. 26-27.) In making this determination, however, the ALJ offered no discussion of the supporting statements provided by Plaintiff's mother or daughter. Third, the ALJ declined to find that Plaintiff's impairments, either individually or in combination, met or medically equaled one of the Listings of Impairments in Appendix 1,

---

[3] The court uses "R. [page number]" to reference the administrative record in this matter.

Subpart P, Part 202 of 20 C.F.R. (R. 28.) Fourth, the ALJ concluded that Plaintiff had the residual functional capacity to perform light work that would accommodate mild deficits in concentration, persistence, or pace, secondary to a mild cognitive impairment. (R. 31.) Finally, based on the testimony of the VE who found that Plaintiff could perform past relevant work as a housekeeper, the ALJ determined that Plaintiff had not been under a disability from February 6, 2002 through the date of the decision. (Id.) Accordingly, the ALJ declined Plaintiff's request for benefits.

Plaintiff again sought review from this Court. On July 15, 2010, United States Magistrate Judge Timothy R. Rice issued a Report and Recommendation ("R&R") rejecting the majority of Plaintiff's claims, but nonetheless suggesting that the case be remanded for further review. Specifically, Judge Rice found no merit to Plaintiff's allegation that the ALJ failed to adjudicate her claim *de novo*. Moreover, Judge Rice found substantial evidence to support the ALJ's findings that: (1) Plaintiff engaged in substantial gainful activity as a babysitter from 2005 through March 2007; (2) Plaintiff did not have a demonstrable visual impairment of glaucoma and bilateral cataracts; and (3) the medical opinions from Plaintiff's treating providers were not entitled to significant weight. Finally, Judge Rice determined that the ALJ had erred by failing to address the report of Plaintiff's daughter, Parthenia Parker, and the undated letter from Plaintiff's mother, Charlotte Easton. Given this single error, Judge Rice proposed remand for consideration of these statements and their impact on the ALJ's credibility and RFC determinations.

Plaintiff thereafter raised four Objections to the R&R: (1) the ALJ's finding that Plaintiff engaged in substantial gainful activity from 2005 through March 2007 was not supported by substantial evidence; (2) the ALJ erred by failing to adjudicate the claim *de novo*; (3) the ALJ

4

erred by failing to consider all of Plaintiff's impairments; and (4) the ALJ erred by failing to provide a legally acceptable explanation for rejecting evidence favorable to Plaintiff's claim. This Court found no merit to any of the Objections and remanded the case solely on the bases identified in the R&R. Subsequently, the Court denied Plaintiff's request for reconsideration.

On March 2, 2011, Plaintiff filed a Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant filed a brief in opposition to that Motion, claiming that the Commissioner was substantially justified in his defense of the case. On March 20, 2011, Plaintiff submitted a Reply Brief, making this matter ripe for consideration.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2412(b):

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Id. The United States Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The EAJA permits awards of attorney's fees only to the extent they are reasonable. Citizens Council of Del. Cnty. v. Brinegar, 741 F.2d 584, 594-95 (3d Cir. 1984). The party

5

seeking attorney's fees thus has the burden to prove that its request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Walton v. Massanari, 177 F. Supp. 2d 359, 361 (E.D. Pa. 2001). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Rode, 892 F.2d at 1183 (quoting Hensley, 461 U.S. at 433). A party claiming entitlement to attorney fees "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434. When evaluating a request for fees, the Court should similarly exclude hours that were not reasonably expended. Rode, 892 F.2d at 1183. Although the district court retains discretion to adjust the amount of the fee award, Barry v. Astrue, No. CIV.A.05-1825, 2007 WL 2022085, at *5 (E.D. Pa. July 9, 2007), it is well-settled that "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fees requested." United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 211 (3d Cir. 2001).

## III. DISCUSSION

The present Motion seeks Plaintiff's counsel fees expended during the litigation of this civil action. Defendant does not challenge any particular portion of these fees as unreasonable, but rather opposes the fee award in its entirety because the Commissioner's position was "substantially justified."

Under the Equal Access to Justice Act, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorneys fees and expenses "unless the court finds that the position of the United States was substantially justified or that special

circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2006). "Substantial justification represents a middle ground between automatically awarding attorney's fees and awarding attorney's only when the government's position was frivolous." Magwood v. Astrue, 594 F. Supp. 2d 557, 559 (E.D. Pa. 2009) (citing Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985)). According to the Supreme Court, "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person" as opposed to "'justified to a high degree.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988). As further noted by the Third Circuit, "'[d]etermining whether the government's position is substantially justified for the resolution of an EAJA claim has proved to be an issue of considerable conceptual and practical difficulty.'" Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998) (quoting Roanoke River Basin Assoc. v. Hudson, 991 F.2d 133, 138 (4th Cir. 1993)). "A position can be justified even though it is not correct, and . . . can be substantially (*i.e.* for the most part) justified if a reasonable person could think it is correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2.

In light of these standards, a Commissioner alleging "substantial justification" must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Morgan, 142 F.3d at 684. Where a case "turns on an unsettled or 'close question of law,' . . . the government usually will be able to establish that its legal theory was 'reasonable,' even if it was not ultimately accepted as a legal rule by the courts." Washington, 756 F.2d at 961-62. "When the government's legal position clearly offends established precedent, however, its position cannot be said to be 'substantially justified.'" Id. at 962.

Ultimately, the Commissioner bears the burden of proof on this issue. Morgan, 142 F.3d at 684.

No Supreme Court case has explicitly stated what the court's proper focus should be when considering whether the Commissioner was substantially justified in opposing a social security remand. The Third Circuit, however, has adopted the position of the Fourth and Seventh Circuits and held that "when determining whether the government's position is substantially justified, 'we must . . . arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action.'" Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009) (quoting Jackson v. Chater, 94 F.3d 274, 275 (7th Cir. 1996); citing Roanoke River Basin, 991 F.2d at 139). "'[A] party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified.'" Id. (quoting Stewart v. Astrue, 561 F.3d 679, 683 (7th Cir. 2009)). Thus, where the claimant is a "prevailing party" only insofar as he or she has obtained remand of the case, the proper scope of the inquiry is "whether the Commissioner was substantially justified in opposing the remand – not on the ultimate question of disability." Corona v. Barnhart, 431 F. Supp. 2d 506, 513 (E.D. Pa. 2006).

In the present case, Plaintiff sought review of the third ALJ decision on seven separate grounds: (1) the ALJ failed to adjudicate her claim *de novo*; (2) the ALJ improperly found that Plaintiff engaged in substantial gainful activity from 2005 through March 2007; (3) the ALJ failed to consider Plaintiff's visual impairment; (4) the ALJ failed to adequately consider Plaintiff's physicians' opinions; (5) the ALJ failed to address the opinion of a vocational rehabilitation counselor; (6) the ALJ failed to properly evaluate Plaintiff's credibility and the statements of other lay witnesses; and (7) the ALJ failed to properly determine Plaintiff's residual functional capacity. Upon review, the Magistrate Judge issued a thorough and well-reasoned

opinion rejecting Plaintiff's first five arguments, agreeing with Plaintiff on argument six (the ALJ's failure to consider and discuss the statements from Plaintiff's mother and daughter), and refraining from addressing argument seven. Specifically, as to argument six, the Magistrate Judge found as follows:

> The ALJ must consider and weigh all relevant evidence, including non-medical evidence, Burnett, 220 F.3d at 122. Non-medical evidence includes information from spouses, parents, other relatives, friends, and neighbors. See SSR 06-03p, 2006 WL 2329939, at *2, *6.
>
> An ALJ cannot ignore information from non-medical sources on a belief that the information adds nothing more than stating the claimant's testimony is truthful and would be discounted for the same reasons. . . . Opinions from family members provide insight into the severity of the claimant's impairments and how the impairments affect the claimant's RFC. . . .
>
> In the disability function report, Butterfield's daughter, Parthenia Parker, stated before Butterfield's injuries, Butterfield could walk long distances, do housework, and could work outside of the house. R. 208. Now, Parker claims, the amount of housework and the length of Butterfield's walks depends on how Butterfield feels. R. 207, 209. Parker also stated Butterfield is no longer as active, and seems more depressed. R. 209, 214.
>
> The undated letter from Butterfield's mother, Charlotte Easton, stated Butterfield has had a lot of pain and suffering throughout her life, talked to herself, was very depressed, and "physically just couldn't function." R. 121. Easton also stated after Butterfield's 2002 back injury, Butterfield was not herself, cried most of the time, stayed to herself, and Easton had to help her by performing household chores. R. 120-21.
>
> The ALJ failed to address Parker's report and Easton's letter. See R. 20-31. The report and letter discussed the effect Butterfield's impairments have had on her ability to function, and therefore may bolster Butterfield's testimony or affect Butterfield's RFC. See Zuvich, 2008 WL 4401019, at *5-7. On remand, the ALJ must address Parker's report and Easton's letter. See Burnett, 220 F.3d at 122; see also Eskridge v. Astrue, 569 F. Supp. 2d 424, 439-40 (D. Del. 2008) (remand for failure to mention statements of claimant's family and friends).

(R&R 26-28 (footnote omitted).)

9

Subsequently, Plaintiff filed objections re-raising her claims that: (1) the ALJ's finding that Plaintiff engaged in substantial gainful activity from 2005 through March 2007 was not supported by substantial evidence; (2) the ALJ erred by failing to adjudicate the claim *de novo*; (3) the ALJ erred by failing to consider all of Plaintiff's impairments; and (4) the ALJ erred by failing to provide a legally acceptable explanation for rejecting evidence favorable to Plaintiff's claim. This Court undertook a full review of the record, found no error in the Magistrate Judge's R&R, and, as a result, remanded only on the bases identified in the R&R.

In light of this history, the Court has little trouble concluding that the Commissioner had a reasonable basis for defending against Plaintiff's overall request for remand under the Act. Two separate adjudicators concluded that the ALJ properly found that none of Plaintiff's claims of error – but for the failure to address lay witnesses – had any merit. Indeed, as the Magistrate Judge noted, the ALJ explicitly cited to substantial medical evidence to support some limitations in Plaintiff's residual functional capacity, but not enough to preclude all forms of substantial gainful activity. Ultimately, both the Magistrate Judge and this Court found that the ALJ appropriately concluded, based on substantial evidence, that Plaintiff could perform a wide-range of light work with the mild deficit in concentration, persistence, and pace. Because reasonable minds could, and in fact did, conclude that the Commissioner's position on this issues was correct, the Court must deem its overall position as to remand substantially justified.[4]

---

[4] Although Plaintiff attempts to relitigate the merits of these individual issues via the present Motion, the Court declines to engage in such a discussion. Both the R&R and this Court's opinion with respect to Plaintiff's objections substantively addressed these claims. Having already found Plaintiff's position on these matters to be incorrect, the Court need make little stretch in logic to deem the Commissioner's contrary position on them substantially justified.

The Court thus turns to the narrower question of whether the Commissioner was substantially justified in defending the ALJ's failure to address the statements from Plaintiff's mother and daughter. In opposition to Plaintiff's Request for Review, the Commissioner first argued that the record generally need only reflect the consideration of opinions from medical sources who are not "acceptable medical sources" and from "non-medical sources" who saw the claimant in their professional capacity, neither of which applied to the lay statements at issue. The Magistrate Judge correctly pointed out, however, that this position was not well-founded since the law requires the ALJ to consider and weigh all relevant evidence, including non-medical evidence from spouses, parents, other relatives, friends, and neighbors. Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000); SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). Indeed, social security jurisprudence explicitly states that in order to fully and thoroughly evaluate a claimant's testimony and allow for meaningful appellate review of the decision, an ALJ must expressly consider and address the impact of testimony from lay witnesses. See Petro v. Astrue, No. CIV.A.09-2900, 2010 WL 4104582, at *12 (E.D. Pa. Aug. 31, 2010) (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)).

Had the Commissioner's argument on the issue stopped there, the Court would have been inclined to find that its position was not substantially justified. The Commissioner, however, went on to raise a second argument in defense of the ALJ's failure to consider the lay witness statements – harmless error. Citing to several cases addressing this harmless error standard, the Commissioner contended that "[t]hough the ALJ did not explicitly discuss the evidence at-issue, it is not fatal to her decision because the ALJ fully explained the basis for her decision, which was supported by the record as a whole." (Def.'s Resp. Pl.'s Req. for Review 26-27.)

11

This contention has significantly more merit. The harmless error standard is well-established in our jurisprudence. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (refusing to remand where stricter compliance with social security ruling would not have changed the outcome of the case). In many cases, courts have found that an ALJ's failure to address lay opinion testimony, although technically in violation of applicable legal standards, did not require remand since the testimony would not have changed the outcome of the case. See, e.g., Bailey v. Astrue, No. CIV.A.07-4595, 2009 WL 577455, at *11 (E.D. Pa. Mar. 4, 2009) ("In this case, the ALJ did not explicitly address the testimony of plaintiff's mother in the decision. However, the ALJ examined the medical evidence (which he found does not support the plaintiff's subjective complaints of pain and limitations) and weighed that against the plaintiff's testimony. As a result, the ALJ found plaintiff's complaints only partially credible. . . . plaintiff's mother's testimony would not have changed the ALJ's decision, as it was cumulative and merely reiterated the fact that plaintiff experienced pain which she observed when he visited her."); Thompson v. Astrue, No. CIV.A.07-2989, 2009 WL 7007996, at *15 (E.D. Pa. Jan. 30, 2009) (holding that where discussion of lay witness's letter would not have changed the outcome of the case, failure of the ALJ to address it was harmless error); DeStefano v. Astrue, No. CIV.A.07-3750, 2009 WL 113744, at *10 (E.D. Pa. Jan. 14, 2009) (noting that the ALJ's failure to address non-medical testimony does not require remand where the medical evidence in the record supported the ALJ's RFC determination); Carnes v. Comm'r of Soc. Sec., No. CIV.A.08-99, 2008 WL 4810771, at *5 (W.D. Pa. Nov. 4, 2008) (noting that where mother's testimony was essentially cumulative of plaintiff's testimony and further discussion of it would not have changed the outcome, failure to discuss the mother's testimony was harmless error that did not require a remand); Combs v.

12

Barnhart, No. CIV.A.03-5526, 2005 WL 1995457, at * (E.D. Pa. Aug. 16, 2005) (refusing to remand on harmless error grounds where ALJ failed to consider testimony of claimant's wife and there was substantial evidence to support the credibility determination); Cerar v. Sec'y of the Dep't of Health & Human Servs., No. CIV.A.93-6973, 1995 WL 44551, at *4 (E.D. Pa. Feb. 1, 1995) ("It is true that the ALJ failed to address the credibility of the claimant's husband explicitly, but this alone would not require remand, because the ALJ demonstrated that he considered and analyzed all the medical evidence and plaintiff's subjective testimony concerning pain. The plaintiff's testimony was credited by the ALJ to the extent consistent with medical testimony; crediting the husband's testimony corroborating the plaintiff would not have affected the ALJ's decision.").

In the case at bar, the evidence from Plaintiff's daughter and mother provided minimal support for Plaintiff's position. Plaintiff's daughter noted that before her injuries, Plaintiff could walk long distances, do housework, and work outside the house, but, since her injuries, the amount of housework and the length of her walks depended on how she felt. (R. 207-09.) Overall, she remarked that Plaintiff was no longer as active, and seemed more depressed. (Id. at 209, 214.) Plaintiff's mother commented that Plaintiff was depressed and physically couldn't function, and that after her 2002 back injury, she was not herself, cried most of the time, stayed to herself, and needed help with household chores. (R. 120-21.)

Although failing to explicitly address these statements – as required by controlling jurisprudence – the ALJ cited to substantial evidence to support her credibility and RFC determinations. Specifically, the ALJ provided a full explanation, supported by the record, for Plaintiff's lack of a disabling mental impairment. Further, the ALJ fully addressed Plaintiff's

13

claimed back impairment and associated pain, and cited to numerous pieces of medical evidence that undermined a finding of disability. The ALJ also referenced Plaintiff's reported activities of daily living – including caring for her ill sister for two to three hours per day from March to June 2004, ushering in church, and providing extensive care for her five great grand-children ranging in age from thirteen to under one – and noted that they were inconsistent with her alleged functional limitations. Ultimately, the ALJ offered a thorough and well-reasoned basis for not fully crediting Plaintiff's subjective complaints of pain and limitation and for finding that Plaintiff retained the residual functional capacity to perform light work that would accommodate mild deficits in concentration, persistence, or pace, secondary to a mild cognitive impairment. (R. 31.)

Based on this record, the Commissioner was substantially justified in opposing the remand despite the ALJ's error. Although the ALJ was required to explicitly offer a credibility analysis of the lay witness statements, the Commissioner justifiably believed, under the deferential standard accorded to ALJ credibility determinations,[5] that statements from Plaintiff's mother and daughter statements would not have changed the ALJ's decision, as they were cumulative and merely reiterated Plaintiff's complaints of depression and pain. Undoubtedly, the Commissioner's position was well-grounded in law regarding the harmless error analysis, and can hardly be said to have offended any established precedent. Moreover, the Commissioner had a reasonable basis in truth for the facts alleged, given the plethora of medical evidence undermining Plaintiff's testimony and the lay witnesses' corroborating statements. Finally, the Commissioner established a reasonable connection between the alleged facts and the harmless

---

[5] See Weber v. Massanari, 156 F. Supp. 2d 475, 486 (E.D. Pa. 2001).

error legal theory.

In short, despite the contrary position adopted by the Magistrate Judge, the Commissioner had a sound legal and factual basis for believing that the ALJ's failure to address the lay witness statements was inconsequential and, thus, did not warrant remand.  See  Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009) (holding that where a particular error is inconsequential – *i.e.*, where an ALJ may reach the same conclusion on remand based on other evidence in the record – the government's position may be deemed substantially justified).  Given this finding, the Court must deem the Commissioner's position, in this case, to be substantially justified and, in turn, deny the award of attorney's fees.